IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STEPHEN V. WALKER, ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 3:18-cv-779 |
| ) | Judge Campbell/Frensley |
| BRANDON REFFITT, ET AL ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

### BACKGROUND

By Order January 21, 2020 (Docket No. 19), the Court referred this prisoner civil rights action to the magistrate judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The Plaintiff, Stephen V. Walker, an inmate of the Tennessee Department of Correction, filed this action on August 20, 2018. Docket No. 1. The Court conducted an initial review of the Complaint on March 22, 2019 finding that his Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Docket No. 9, pp. 10-11. However, the Court allowed Plaintiff the opportunity to amend his Complaint to proceed against Defendants Haggard and Walker in their individual capacity. *Id.* After requesting and receiving multiple extension of his deadline for filing an Amended Complaint, the Plaintiff filed an Amended Complaint on August 29, 2019. Docket No. 17. The Court thereafter conducted a review of the Amended Complaint and found the Plaintiff had stated nonfrivolous claims of excessive force and assault against Defendants Walker and Haggard and allowed those claims to proceed. Docket No. 19. Summons were issued as to Defendants Haggard and Walker on February 19, 2020. Docket No. 21.

Pursuant to the January 21, 2020 order, the Clerk mailed Plaintiff two service packets which he was to complete and return to the clerk's office within 30 days so that process could issue in this case. Following the return of the summonses unexecuted on March 4, 2020, the Plaintiff took no further action to effectuate service on the remaining Defendants. The docket for the case indicates that the Plaintiff has had no contact with the Court or made any filings until filing a motion to amend on May 21, 2021, in which he sought entry of default against the Defendants while acknowledging that he had failed to effectuate service on them. Docket No. 24.

## LAW AND ANALYSIS

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. The Court must extend the time for service upon a showing of good cause, and the Court may, in its discretion, may permit late service even where a Plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendment; *see also Henderson v. United States* 517 U. S. 654, 662-63 (1996). Otherwise, the language of Rule 4(m) requires dismissal either upon motion or *sua sponte*. Federal Rules of Civil Procedure 4(m); *see also Byrd v. Stone*, 94 F. 3d 217, 219, n. 3 (6th Circuit 1996).

Where a Plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process and perform all duties in such cases." 28 U. S. C. § 1915(d). 28 U. S. C. §1915(d) and Fed. R. Civ. P. 4(c)(3) relieve a Plaintiff proceeding *in forma pauperis* of the burden to serve process once reasonable steps have been taken to identify for the Court the Defendants named in the complaint. *Byrd*, 94 F. 3d at 219.

This does not mean, however, that an incarcerated pro se Plaintiff proceeding *in forma*

*pauperis* automatically shows good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a Defendant. The Court must consider the Plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. Specifically, numerous courts in this circuit have held that a plaintiff's failure to attempt to contact the Marshals Service or court when he knew there was a problem with service or otherwise take no action to cure the lack of service for a significant period of time fails to show good cause. *See e.g. VanDiver v. Martin*, 304 F. Supp. 2d 934, 941, 942 (E. D. Mich. 2004); *Freeman v. Collins*, 2011 WL 4914873, at *5 (S. D. Ohio August 15, 2011).

Here, the Plaintiff first provided the address of the Defendants' last known employment at Turney Center Industrial Prison in the original summons issued on February 19, 2020. Docket No. 21. The Marshals Service returned those summonses unexecuted on March 4, 2020, with a notation that the Defendants were "no longer employed with TDOC." Docket Nos. 22 and 23. The Plaintiff took no further action with regard to service or anything in this case until filing his motion to amend on May 21, 2021, despite being on notice that service had not been effectuated on the Defendants. Docket No. 24.

In his Motion to Amend,[1] Plaintiff acknowledges that he was aware that Defendants in this matter had not been served and that they were no longer employed by the Defendant. While he indicates that he "inquired" of certain prison officials to assist him in locating the Defendants, he describes no further specific efforts on his behalf including any effort to contact the Court or Marshals Service after learning service was not effectuated nor does he offer any explanation for not doing so.

---

[1] Plaintiff's Motion to Amend was actually a motion for default which was denied by the Court by separate order.

In the instant case, the Plaintiff has failed to establish good cause to excuse compliance with Rule 4(m). The Court is mindful of the difficulties prisoner Plaintiffs may encounter in seeking information when they try to be diligent and conscientious in ascertaining important information about their cases. The Court also notes that serving Defendants may be more difficult and complicated for pro se prisoners. However, none of that relieves the pro se Plaintiff of a duty to pursue their case. Here, the District Court did issue Plaintiff's process to fulfill its statutory responsibilities with regard to service. The United States Marshals received the service and attempted to execute service as required. Docket Nos. 22, 23. The Marshals returned the summonses unexecuted advising the Plaintiff that the Defendants no longer worked for the Department of Correction. The Marshals Service in no way misled the Plaintiff or failed to take reasonable steps consistent with their statutory responsibilities. Nonetheless, after being on notice that service had not been effectuated, Plaintiff does not appear to have taken any other action to pursue this case or effectuate service. As the Fifth Circuit noted on *Rochon v. Dawson*, 828 F. 2d 1107, 1109 (5th Circuit 1987), "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge.*"(emphasis added). The Plaintiff in *Rochon,* as in the instant case, was aware that the U. S. Marshals effort to serve the Defendant had been unsuccessful. Nonetheless, he failed to request that the marshal serve the appropriate Defendant. *Id.* As a consequence, the Court upheld the district court's dismissal of the action because of the Plaintiff's failure to properly serve the Defendant. The Court concluded that the Plaintiff's own "inaction and dilatoriness" led to the Defendant not being served. *Id.*

The Court finds the reasoning of the Fifth Circuit and other cases cited above to be applicable and convincing under the current facts and circumstances. In this case, the Plaintiff's

action or inaction carried the most weight in determining whether "good cause" was shown. In the cases finding good cause, the Plaintiffs took some action beyond merely identifying the Defendants' names for the U. S. Marshal and the marshal's failure to effect service was not the Plaintiff's fault. The Plaintiffs in those cases took reasonable, conscientious steps to assure, as best they could, that the Defendants would be served. The same cannot be said in the instant case. Here, despite acknowledging that he was aware that service had not been affected on the Defendants, Plaintiff did not contact the Marshals Service or the Court or make any other filings in this action for more than a year. Essentially, the Plaintiff did nothing.

The Court finds that the Plaintiff is at fault for not ensuring that the Defendants were served. Plaintiff remained silent after being put on notice that these Defendants had not been served. Furthermore, he has not provided any evidence that he took any steps to effectuate service after learning that the marshal had not served the Defendants. Although Plaintiff initially took reasonable steps to identify both Defendants by returning the summonses for issuance, he did nothing else after the summonses were returned unexecuted. Accordingly, the undersigned recommends that the Complaint be **DISMISSED** against Defendants Walker and Haggard **WITHOUT PREJUDICE** because the Plaintiff has not shown "good cause" for his failure to serve them within the time allowed in accordance with Rules 4(m).[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**